OPINION
On June 9, 1984, appellant, Michael Vawter, and appellee, Tarena Vawter, were married. Three children were born as issue of said marriage, Janee born December 26, 1985, Valori born May 6, 1987, and Kayle born April 10, 1991. On November 19, 1992, the parties filed a petition for dissolution of marriage. By judgment entry filed December 24, 1992, the trial court dissolved the marriage per the terms of the parties' separation agreement and shared parenting plan.
On November 27, 1996, appellee filed a motion to modify shared parenting plan and for contempt against appellant for failure to pay spousal support. A hearing before a magistrate was held on February 26, 1997. A memorandum entry was filed on said date followed by a final shared parenting decree and agreed entry approved by the trial court filed on March 25, 1997.
Appellant filed a notice a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ERRED IN FAILING TO CONDUCT A FULL EVIDENTIARY HEARING BEFORE APPROVING A MEMORANDUM ENTRY ON WHICH THE SIGNATURE OF ONE OF THE PARTIES HAD BEEN OBTAINED BY COERCION.
 I
Appellant claims the trial court erred in approving the agreed entry without an evidentiary hearing. We disagree.
On February 26, 1997, a hearing was held before a magistrate of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division on a motion to modify shared parenting plan and for contempt. At the hearing, the magistrate was informed "that the parties have reached an agreement as to all issues." T. at 2. The agreement was entered on the record. T. at 2-4. The magistrate discussed the spousal support calculations with appellant and permitted him to speak. T. at 5-8. Appellant acknowledged his agreement was voluntary:
 That being said, is it your wish then that this memorandum entry be made the order of the Court?
MR. VANDERVOORT: Do you reluctantly agree?
 MR. VAWTER: I reluctantly agree. I extremely reluctantly agree.
 MAGISTRATE TROTTER: Well, based upon the agreement of the parties, reluctance of Mr. Vawter notwithstanding, this will be the order of the Court.
T. at 12.
Thereafter, appellant signed the memorandum entry. Pursuant to Civ.R. 53 (E) (4), the decision of a magistrate shall be effective when adopted by the trial court:
 (a) When Effective. The magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision.
 (b) Consideration of Objections. Upon consideration of any objections, the court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration.
The trial court approved and adopted the final entry on March 25, 1997. No objections to the memorandum entry were filed within fourteen days of its filing [Civ.R. 53 (E) (3)]. Absent any timely objections, the clear language of Civ.R. 53 (E) (4) permits the trial court to adopt the magistrate's decision without further hearing.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is hereby affirmed.
By Farmer, P.J., Gwin, J. and Hoffman, J. concur.
 JUDGMENT ENTRY
CASE NO. 97 CA 32
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is affirmed.